# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JEREI WILLIAMS**, on behalf of herself and others similarly situated, | : |
| Plaintiff, | : |
| | : CASE NO. 2:22-cv-3420 |
| v. | : |
| | : JUDGE |
| **SENIOR VILLAGE MANAGEMENT, LLC**, | : |
| c/o Robert Czapiewski | : MAGISTRATE JUDGE |
| 7927 Nemco Way, Suite 200 | : |
| Brighton, MI 48116, | : |
| | : |
| -and- | : |
| | : |
| **STORYPOINT HOLDINGS, LLC**, | : |
| c/o Robert Czapiewski | : |
| 7927 Nemco Way, Suite 200 | : |
| Brighton, MI 48116, | : |
| | : |
| -and- | : |
| | : |
| **SENIOR LIVING CAPITAL MANAGEMENT COMPANY, LLC**, | : |
| c/o Robert Czapiewski | : |
| 7927 Nemco Way, Suite 200 | : |
| Brighton, MI 48116, | : |
| | : |
| Defendants. | : |

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Named Plaintiff Jerei Williams ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Complaint against Defendants Senior Village Management, LLC d/b/a StoryPoint Group ("SP Group"), StoryPoint Holdings, LLC ("SP Holdings"), and Senior Living Capital Management Company, LLC ("SL Capital") (collectively "Defendants") for their collective failure to pay employees overtime wages, seeking all available relief under the Fair

Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. §§ 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to herein as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants conduct substantial business in the Southern District of Ohio.

### II. PARTIES

#### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendants from approximately May 2022 until

present.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendants as an hourly Caregiver at their StoryPoint Gahanna location in Gahanna, Ohio. During her employment, Named Plaintiff has worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendants, Defendants required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and similarly situated employees' hours worked. Defendants generally required Named Plaintiff and other similarly situated employees to clock out of work each shift for a thirty (30) minute meal break. However, Named Plaintiff and similarly situated employees often were unable to actually take a full 30-minute meal break or had their meal breaks interrupted by having to perform work duties. This work time resulted in Named Plaintiff and other similarly situated employees not being fully and properly paid for all of their hours worked in violation of the FLSA and Ohio Acts.

8. Named Plaintiff brings this action on behalf of herself and other similarly situated employees, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### B. Defendants

#### Senior Village Management, LLC

9. Senior Village Management, LLC is a limited liability company that is registered in Michigan and transacts business under the assumed names of StoryPoint Group and StoryPoint Management.

10. SP Group operates and conducts substantial business activities in Ohio, including in the Southern District of Ohio.

11. SP Group is a collection of senior housing communities throughout the United States, caring for over 6,000 seniors and families across nine (9) states at approximately seventy-four (74) locations.[1]

12. Upon information and belief, SP Group has registered numerous other entities to manage and operate its business activities, and all of these entities, including SL Gahanna, SL Capital, and SP Holdings, maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

### StoryPoint Holdings, LLC

13. SP Holdings is a domestic limited liability company that is registered in Michigan and operates and conducts substantial business activities throughout Ohio, including the Southern District of Ohio.

14. Defendant SP Holdings is owned and operated by SP Group.

### Senior Living Capital Management Company, LLC

15. SL Capital is a domestic limited liability company that is registered in Michigan and operates and conduct substantial business activities throughout Ohio, including within the Southern District of Ohio.

16. Defendant SL Capital is owned and operated by SP Group.

17. Defendants employed Named Plaintiff and other similarly situated employees at their facilities; specifically, Defendants employed Named Plaintiff at their StoryPoint Gahanna

---

[1] *See Our Story*, STORYPOINT SENIOR LIVING, https://www.storypoint.com/our-story/ (last visited Sept. 14, 2022).

facility in Gahanna, Ohio.

18. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

19. Defendants have registered multiple business entities as part of their enterprise.

20. Although Named Plaintiff and similarly situated employees are paid by one of Defendants' facilities, Defendants are their "employer" because they operate the single integrated enterprise or otherwise function as a joint employer.

21. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditional of employment for Named Plaintiff and similarly situated employees at Defendants' facilities.

22. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and similarly situated employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and similarly situated employees.

23. Defendants suffered or permitted Named Plaintiff and similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though they still deducted such time from employees' work hours.

24. Upon information and belief, Defendants primarily function to operate a single group of senior living communities.

25. Defendants form a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated employees because they operate a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

26. Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

27. Defendants have substantial control over Named Plaintiff's and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

28. Upon information and belief, Defendants applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendants' locations, including policies, practices, and procedures relating to the payment and calculation of of wages, overtime, meal break deductions, and timekeeping.

29. Defendants are an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

30. Defendants have gross revenue that exceeds $500,000.00 per year.

31. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though it still deducted such time from their work hours. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

32. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State

of Ohio.

### III. FACTS

33. During all times relevant, Named Plaintiff and Defendants' other similarly situated employees are hourly, non-exempt employees who are entitled to overtime.

34. Named Plaintiff and other similarly situated employees worked, or they were scheduled to work, more than forty (40) hours in one or more workweek(s).

Meal Break Deduction

35. During their employment with Defendants, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendants required a 30-minute meal break deduction to their compensable hours worked even when Named Plaintiff and other similarly situated employees were unable to take a full, uninterrupted bona fide meal break of 30 minutes.

36. Specifically, Defendants required Named Plaintiff and other similarly situated employees to clock out of work each shift for a 30-minute meal break.

37. If Named Plaintiff and other similarly situated employees did not clock out of work for a meal break, Defendants still applied a meal break deduction by either having them submit a missed punch form or otherwise manually applying the meal break deduction to their daily compensable hours worked.

38. Although Defendants required the deduction of a daily 30-minute meal break, Named Plaintiff and other similarly situated employees were often unable to take a full, uninterrupted bona fide meal break of 30 minutes or otherwise took a shortened meal break because their break was interrupted with job duties.

39. Defendants' facilities were regularly understaffed, and Named Plaintiff and other

similarly situated employees were often too busy with work to take a full, 30-minute meal break even when clocked out of work.

40. Defendants did not maintain a legitimate and reasonable policy and/or practice whereby Named Plaintiff and other similarly situated employees could identify and report occasions when they did not have a bona fide meal break such that they would receive credit (i.e., compensation) for those missed/interrupted meal breaks.

41. To the contrary, when Named Plaintiff and other similarly situated employees were unable to clock out of work and take a meal break, Defendants still required them to submit a missed punch form so that Defendants could deduct a 30-minute meal break.

42. Consequently, a daily 30-minute meal break was deducted from hourly employees' hours worked regardless of whether Named Plaintiff and other similarly situated employees received a full, uninterrupted 30-minute bona fide meal break.

43. As a result of Defendants' companywide policy and/or practice requiring a 30-minute meal break deduction from their hourly, non-exempt employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated employees for all hours worked.

44. Named Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deduction, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendants' deduction of thirty (30) minutes for meal breaks that were not taken or that were otherwise interrupted by work.

Regular Rate

45. Named Plaintiff and Defendants' other hourly similarly situated employees are non-exempt employees who are entitled to overtime.

46. Defendants paid Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

47. In addition to the Base Hourly Wage, Defendants pay their employees with additional forms of remuneration that should be included in the calculation of employees' regular rates of pay for overtime compensation (hereinafter collectively referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

48. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration in various workweeks when they worked in excess of forty (40) hours.

49. Regarding nondiscretionary safety bonuses and/or hazard pay, Named Plaintiff and other similarly situated employees received COVID-19 pay.

50. Incentive payments, such as hazard pay, are required to be included in Defendants' regular rate of pay calculations according to the United States Department of Labor.[2]

51. When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rates of pay for purposes of overtime pay because Defendants did not

---

[2] *COVID-19 and the Fair Labor Standards Act Questions and Answers*, U.S. DEP'T OF LAB., https://www.dol.gov/agencies/whd/flsa/pandemic#25:~:text=Yes%2C%20payments%20your%20employer%20provides%20you%20to%20perform%20work%20constitute%20compensation%20for%20employment%20that%20must%20be%20included%20in%20the%20regular%20rate%2C%20subject%20to%20eight%20exclusions%20described%20in%20section%20207(e)%20of%20the%20FLSA.%20None%20of%20those%20exclusions%20apply%20to%20the%20incentive%20payments%20described%20above. (last visited Sept. 14, 2022) (see section entitled ***Hazard Pay and Incentive Payments***).

include Additional Remuneration in the regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages that they were due in accordance with the requirements of the FLSA

52. For example, for the pay period from May 15, 2022 to May 28, 2022, Defendants paid Named Plaintiff a base hourly wage of $16.00 per hour for 67.58 hours, an overtime rate of pay of $24.00 per hour for 7.13 hours, and COVID-19 pay of $2.00 per hour for 51.82 hours.[3]

53. Defendants did not include this Additional Remuneration in Named Plaintiff's regular rate of pay calculation for purposes of calculating Named Plaintiff's overtime rate of pay. Instead, Named Plaintiff's overtime rate was 1.5 times her Base Hourly Wage.

54. Defendants' failure to compensate Named Plaintiff and other similarly situated employees, as set forth above, resulted in unpaid overtime.

55. At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA and the Ohio Acts.

56. Defendants are and have been an "employer" as that term is defined by the FLSA and the Ohio Acts.

57. During their employment with Defendants, Named Plaintiff and others similarly situated regularly performed overtime work without compensation.

58. During relevant times, Defendants suffered or permitted Named Plaintiff and those similarly situated employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendants' companywide policies and/or

---

[3] *See* **Exhibit B**.

practices described above that affected Named Plaintiff and all other similarly situated employees.

59. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

60. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein. Defendants knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

61. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

62. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt employees of Defendants who were paid for at least forty (40) hours of work in any workweek that they (1) clocked out of work for a meal break or had a meal break deduction applied to their hours worked or (2) received additional renumeration on top of their base hourly pay, beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

63. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

64. In addition to Named Plaintiff, the putative FLSA Collective Members have been

denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

65. The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

66. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. <u>RULE 23 CLASS ALLEGATIONS</u>

67. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt employees of Defendants who were paid for at least forty (40) hours of work in any workweek that they (1) clocked out of work for a meal break or had a meal break deduction applied to their hours worked or (2) received additional renumeration on top of their base hourly pay, beginning two (2) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

68. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' policies and/or practices described herein.

69. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

70. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

71. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

72. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

73. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

74. Questions of law and fact are common to the Ohio Rule 23 Class.

75. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

76. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a

whole.

77. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

78. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendants' pay policies and practices described herein; (b) whether Defendants' violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

79. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

82. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

83. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

84. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

85. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendants' policies and/or practices described herein.

86. Defendants also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

87. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

88. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime

compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

89. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

90. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

91. All of the preceding paragraphs are realleged as if fully rewritten herein.

92. This claim is brought under the Ohio Wage Act.

93. Named Plaintiff and the Ohio Rule 23 Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

94. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

95. Named Plaintiff and the Ohio Rule 23 Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid all overtime earned for all hours

worked over forty (40) in a workweek as described herein.

96. Named Plaintiff and the Ohio Rule 23 Members were not exempt from the wage protections of the Ohio Wage Act.

97. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Members were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Members were entitled.

98. For Defendants' violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

99. All of the preceding paragraphs are realleged as if fully rewritten herein.

100. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

101. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

102. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

103. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendants also violated the OPPA.

104. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

105. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

106. As a result of Defendants' willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT IV:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

107. All of the preceding paragraphs are realleged as if fully rewritten herein.

108. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

109. During times material to this complaint, Defendants were covered employers and were required to comply with the Ohio Wage Act's mandates.

110. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

111. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiff and the Ohio Rule 23 Class Members worked each workday and within each workweek.

112. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII. <u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, as to Counts I through IV, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendants failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J.   Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

          Respectfully submitted,

          **COFFMAN LEGAL, LLC**

          */s/ Matthew J.P. Coffman*
          Matthew J.P. Coffman (0085586)
          Adam C. Gedling (0085256)
          Kelsie N. Hendren (100041)
          1550 Old Henderson Rd
          Suite #126
          Columbus, Ohio 43220
          Phone: 614-949-1181
          Fax: 614-386-9964
          Email: mcoffman@mcoffmanlegal.com
                  agedling@mcoffmanlegal.com
                  khendren@mcoffmanlegal.com

          *Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

          */s/ Matthew J.P. Coffman*
          Matthew J.P. Coffman