IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Heather Markle and** | : | |
| **Theresa Wheeler, on behalf of themselves** | : | |
| **and others similarly situated,** | : | |
| | : | Case No. 2:23-cv-02520 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| **SENIOR VILLAGE MANAGEMENT,** | : | |
| **LLC,** | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **Jerei Williams,** | : | |
| | : | Case No. 2:22-cv-03420 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SENIOR VILLAGE MANAGEMENT,** | : | |
| **LLC,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

## I.  INTRODUCTION

This matter is before the Court on the Parties' Joint Motion to Consolidate. (ECF No. 11). Specifically, the Motion moves to consolidate this matter with the lawsuit captioned *Williams v. Senior Village Management*, Case No. 2:22-cv-3420 (S.D. Ohio) ("the *Williams* lawsuit"). The *Williams* lawsuit is also pending before this Court. For the reasons set forth below, this Court **GRANTS** the Parties' Joint Motion to Consolidate.

1

## II. BACKGROUND

On June 20, 2023, Plaintiffs Heather Markle and Teresa Wheeler filed a Complaint against Defendant Senior Village Management, LLC, alleging failure to pay employees overtime wages, in violation of the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (ECF No. 1 at 1). Plaintiffs bring their FLSA overtime claims as a representative action on behalf of themselves and all other similarly situated employees of the opt-in collective. (*Id*. ¶ 62). This matter was originally filed in the Eastern District of Michigan, but later transferred to the Southern District of Ohio by joint request of the Parties. (ECF Nos. 7, 9).

The *Williams* Complaint was filed on September 14, 2022. (22-cv-3420, ECF No. 1). In the *Williams* lawsuit, plaintiffs, including Plaintiffs Markle and Wheeler here, brought a collective and class action against defendants Senior Village Management LLC, Storypoint Holdings, LLC, and Senior Living Capital Management Company, LLC, for alleged failure to pay employees overtime wages, in violation of the FLSA, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, *et seq.*, and the Ohio Prompt Pay Act, O.R.C. § 4113.15. (*Id.*). Before the named plaintiff in *Williams* filed any request to send a court-authorized notice to the potential opt-in plaintiffs in that case, the parties agreed to mediate. (23-cv-2520, ECF No. 11 at 3). Mediation, however, ultimately failed. (*Id.*)

The Parties now move for consolidation of this action with the *Williams* lawsuit.

## III. LAW & ANALYSIS

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. The underlying objective of consolidation "is to administer the court's business with

expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*.

The lawsuit sub judice and the *Williams* case involve some of the same parties. Plaintiffs in the case sub judice, Ms. Heather Markle and Ms. Theresa Wheeler, are also plaintiffs in the *Williams* lawsuit. The Defendant in the case sub judice is also a defendant in the *Williams* lawsuit. In addition, both cases involve failure to pay employees overtime wages in violation of the FLSA. Overall, this Court finds there is significant overlap in law and fact between the lawsuit sub judice and the *Williams* lawsuit, which strongly supports consolidation.

The Court next turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation. Factors that may cause prejudice and confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Ky. Apr. 28, 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and

evidence. *Id*. at *2. Here, the Parties jointly requested consolidation and the *Williams* lawsuit is already pending before this Court. This Court finds that consolidation of the lawsuit sub judice with the *Williams* lawsuit will be the most efficient method of adjudicating these related matters and will not unfairly prejudice any parties or cause any significant confusion. Therefore, this Court **GRANTS** the Parties' Joint Motion to Consolidate. (ECF No. 11).

### IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Parties' Joint Motion to Consolidate. (ECF No. 11). Accordingly, the lawsuit sub judice is **CONSOLIDATED** with the lawsuit captioned *Williams v. Senior Village Management*, Case No. 2:22-cv-3420 (S.D. Ohio). All future filings should be made in the lawsuit sub judice, *Markle et al v. Senior Village Management, LLC*, Case No. 2:23-cv-02520 (S.D. Ohio).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 30, 2023**

4