UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HEATHER MARKLE & TERESA WHEELER,** on behalf of themselves and others similarly situated, | : : : | |
| | : | **CASE NO. 2:23-cv-2520** |
| Plaintiffs, | : : | **JUDGE EDMUND A. SARGUS, JR.** |
| v. | : : | **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| **SENIOR VILLAGE MANAGEMENT, LLC,** | : : : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **JEREI WILLIAMS,** on behalf of herself and others similarly situated, | : : : | |
| | : | **CASE NO. 2:22-cv-3420** |
| Plaintiff, | : : | |
| v. | : : | |
| **SENIOR VILLAGE MANAGEMENT, LLC,** | : : : | |
| Defendant. | : : | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Representative Plaintiffs Heather Markle, Theresa Wheeler, and Jerei Williams (collectively "Representative Plaintiffs"), on behalf of themselves and the members of proposed settlement class, and Defendant Senior Village Management, LLC ("Defendant") (collectively Representative Plaintiffs and Defendant referred to as the "Parties") respectfully and jointly move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The Parties also move this Court to dismiss the class action claims for violation of Ohio law in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, as no class was certified. Experienced

wage and hour counsel reached the settlement during extensive arms-length, good-faith negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Settlement" or "Agreement") with Exhibit A;[1]

**Exhibit 2**: Declaration of Adam C. Gedling (hereinafter "Gedling Decl."); and

**Exhibit 3**: Proposed Order.

## MEMORANDUM IN SUPPORT

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Summary of the Claims and Procedural History

Representative Plaintiff Jerei Williams filed the case *Williams v. Senior Village Management, LLC*, Case No. 2:22-cv-03420, in the United States District Court for the Southern District of Ohio, Eastern Division on September 14, 2022. *Williams*, ECF No. 1. Representative Plaintiffs Heather Markle and Theresa Wheeler filed the case *Markle, et al., v. Senior Village Management, LLC*, Case No. 5:23-cv-11461 in the United States District Court for the Eastern District of Michigan, Southern Division on June 20, 2023. *Markle*, ECF No. 1. The *Markle* case was transferred to the United States District Court for the Southern District of Ohio, Eastern Division under Case No. 2:23-cv-02520 and consolidated with the *Williams* case on October 30, 2023 (collectively, the "Actions"). *Williams*, ECF No. 56. Gedling Decl., Ex. 2, ¶ 9. In the Actions, Representative Plaintiffs allege that Defendant failed to pay them and other allegedly similarly situated healthcare employees overtime for all hours worked in excess of forty (40) in one or more workweek(s) in violation of the Fair Labor Standards Act, §§ 201, *et seq.* Specifically,

---

[1] Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Agreement.

Representative Plaintiffs allege that Defendant violated the FLSA by failing to compensate them for missed, shortened, and interrupted meal breaks and for failing to include certain hourly pay differentials into their regular rate of pay calculation for purposes of calculating their overtime rates of pay. Gedling Decl., Ex. 2, ¶ 10. Defendant denies these allegations and asserts that it properly paid its direct care employees, including Representative Plaintiffs, for all overtime wages owed.

On July 19, 2024, the Court issued an Opinion and Order (*Markle*, ECF No. 20) granting Representative Plaintiffs' Motion for Court-Supervised Notice (*Williams*, ECF No. 46). Thereafter, the Parties filed a Joint Motion for Approval of Revised Notice and Consent Forms and Distribution Plan (*Markle*, ECF No. 21), which the Court entered an Order granting on November 12, 2024. (*Markle*, ECF No. 23.)

The Notice and Consent Forms were then sent to all current and former hourly, non-exempt direct care employee of Defendant who were paid for at least forty (40) hours of work in any workweek where they (i) clocked out of work for a meal break or had a meal break deduction applied to your hours worked and/or (ii) received additional compensation or bonuses on top of your base hourly pay, beginning September 14, 2019. Gedling Decl., Ex. 2, ¶ 11. At the conclusion of the notice period, approximately 2,800 individuals ("Opt-In Plaintiffs"), not including Representative Plaintiffs (Representative Plaintiffs and Opt-In Plaintiffs collectively referred to as the "Plaintiffs"), returned consent forms to join the Actions. *Id.*, ¶ 12.

The Parties engaged in discovery and agreed to engage in settlement discussions to avoid the burden, expense, risk, and uncertainty of continued litigation. Before the settlement discussions, Defendant produced information relating to the Plaintiffs so that each side could evaluate its respective positions, prepare an analysis of the alleged damages, and formulate

settlement proposals based on the data. *Id.*, ¶ 13. After exchanging settlement offers over the course of several weeks, the Parties ultimately agreed to the Settlement, attached as **Exhibit 1**. *Id.*

      **B.**      **Summary of the Key Settlement Terms**

The total Settlement is $825,000.00. This amount includes (a) all potential individual settlement payments to the Plaintiffs; (b) a service award to each Representative Plaintiff for their services in bringing and prosecuting the Actions; (c) Plaintiffs' Counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration. *Id.*, ¶ 15. Defendant will also make all required employer withholdings from any portions of the Settlement Awards treated as wages under the Internal Revenue Code.

A Notice of Settlement[2] and settlement payments will be sent to the Plaintiffs. The Settlement Awards represent 100% of the alleged unpaid overtime damages for Plaintiffs' overtime rate claim and approximately 73% of the alleged unpaid overtime damages based on 40% of the Plaintiffs' meal breaks being missed, shortened, or interrupted. *Id.*, ¶ 18. Each Settlement Award represents the Plaintiff's *pro rata* share of the Net Settlement Fund based on their calculated damages during the relevant time period. Each Plaintiff shall be eligible to receive a minimum Settlement Award of $10.00 if their calculated Settlement Award is less than that amount. This recovery is fair and reasonable given the facts and circumstances of this case, as explained in detail below. *Id.*, ¶ 19.

If the Settlement is approved, the Actions will be dismissed with prejudice, and the Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, and causes of action that were asserted, or could have been asserted. *Id.*, ¶ 20.

---

[2] *See* Exhibit 1-A.

## II. PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Court's approval of the Agreement is warranted.

### A. Satisfaction of Seven-Factor Standard

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enters., Inc.*, No. C2-05-500, 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

As the Court has observed, it reviews FLSA settlements to ensure that they represent a fair and reasonable resolution of a bona fide dispute. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *2 (S.D. Ohio Sept. 20, 2019) (Morrison, J.). The Court uses seven (7) factors to evaluate settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* (further citation omitted).

The Settlement in these Actions satisfies each of these elements.

#### 1. *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arm's-length and good faith negotiations between the Parties. Gedling Decl., Ex. 2, ¶ 21. As such, there is no indicia of fraud or collusion.

    2.    *The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (internal quotation marks and further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

If these Actions had not settled, the Parties would be required to engage in costly litigation, such as continued written discovery, depositions, dispositive motions, motion for final determination of similarly situatedness, trial, and potential appeals. The Settlement, on the other hand, provides substantial relief promptly and efficiently as well as amplifies the benefits of that relief through the economies of collective resolution. Gedling Decl., Ex. 2, ¶ 23.

    3.    *Investigation Was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation prior to negotiating the Settlement. Defendant produced payroll and timekeeping records to Plaintiffs. Gedling Decl., Ex. 2, ¶ 13. Plaintiffs' counsel also spent considerable time discussing Plaintiffs' experiences to gather necessary information to inform the settlement discussions. *Id.* In addition, Plaintiffs engaged a consultant to review those records and create a damages model. *Id.* As such, the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed the Parties to negotiate a settlement based on facts and data. *Id.*

Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well understood by both sides.

4. *The Risks of Litigation Favor Approval.*

Counsel for each side believes in the merits of its clients' positions while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this Action is not settled, it is possible that Plaintiffs could receive no compensation, or, if they do receive any compensation, it will be only after protracted litigation. By settling the Action at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the Settlement. *Satterly*, 2020 WL 6536342, at *6 ("[T]he settlement provides relief to the settlement class members and eliminates the risks that the Parties would otherwise bear if the litigation were to continue on for years, which favors this factor.").

5. *The Opinion of Representative Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and vigorously represented the interests of the Plaintiffs. Importantly, Plaintiffs' Counsel opines that the Settlement is fair, reasonable, adequate, and in the best interests of Plaintiffs. *Id.*, ¶¶ 22-23. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5 (further citation omitted). Accordingly, this factor favors approval of the Settlement.

6. *The Reaction of Absent Class Members Favors Approval.*

If the Court approves the Settlement, Plaintiffs will receive a Settlement Award payment that in the Parties' Counsel's opinions is fair and reasonable. Plaintiffs' Counsel has not received any indication that any settlement participant would have an objection. Gedling Decl., Ex. 2, ¶ 19.

       7.     <u>*The Public Interest Favors Approval.*</u>

As the Sixth Circuit noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

       **B.**     **<u>The Settlement Distributions Are Fair, Reasonable, and Adequate.</u>**

In addition to evaluating the seven (7) factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (internal quotation marks and further citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Plaintiffs.

       1.     <u>*The Settlement Awards are Reasonable and Adequate.*</u>

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* bases dependent on the amount of alleged unpaid overtime owed to Plaintiffs. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly*, 2020 WL 6536342, at *8. The available Settlement Awards represent 100% of the alleged unpaid overtime damages for Plaintiffs' overtime rate claim and approximately 73% of the alleged unpaid overtime damages based on 40% of the Plaintiffs' meal breaks being missed, shortened, or interrupted. Gedling Decl., Ex. 2, ¶ 18. This recovery is fair

and reasonable, given the facts and circumstances of this case. *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *4-5 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages); *Smith v. SAC Wireless, LLC*, No. 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (citing *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010)).

As such, each Claimant will obtain compensation for alleged unpaid wages proportional to the damages calculated.

        2.      *Representative Plaintiffs' Service Awards Are Proper and Reasonable.*

The Agreement provides for Service Awards of $10,000.00 each to Representative Plaintiffs. Gedling Decl., Ex. 2, ¶ 28. Courts routinely approve service awards to named plaintiffs in class and collective action litigation because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)) (internal quotation marks omitted). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.*

The proposed Service Awards set forth in the Agreement are well within the range awarded by district courts in wage and hour actions. *See, e.g., Al-Sabur, et al. v. ADS Alliance Data Sys., Inc.*, No. 2:18-cv-957, Dkt. No. 23 (S.D. Ohio Aug. 6, 2019) (Smith, J.) (approving a service award of $12,500 for a representative plaintiff); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (Dlott, J.) (approving a $10,000 service award for each named plaintiff); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *8 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (approving a $10,000 service award for each

named plaintiff); *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (Black, J.) (approving a "modest class representative award" request of $10,000 to each of the class representatives).

Here, Representative Plaintiffs contributed significant time, effort, and detailed factual information throughout the case, enabling counsel to evaluate the strength of this case and reach the present Settlement. In addition, as part of the Settlement, each Representative Plaintiff will sign a general release of claims against Defendant. As such, the time and efforts that Representative Plaintiffs provided support the requested Service Awards. Gedling Decl., Ex. 2, ¶ 28.

3. *The Requested Attorneys' Fees to Plaintiffs' Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of the Settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and litigation expenses to reimburse Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third (1/3) of the total Settlement amount. Gedling Decl., Ex. 2, ¶ 29. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable

attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 789 (N.D. Ohio 2010).

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-cv-2239, 2021 WL 4145720, at *8 (N.D. Ohio Sept. 13, 2021); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (Deavers, M.J.) (finding a one-third attorney fees request to be reasonable and noting that "[d]istrict courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"); *Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *6, *8 (S.D. Ohio June 21, 2021) (McFarland, J.); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.).

Plaintiffs' Counsel accepted this case on a contingency fee basis and advanced all litigation fees, costs, and expenses. Gedling Decl., Ex. 2, ¶29. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no

guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 WL 6310376, at *3 (further citation omitted). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third (1/3) of the Settlement fund appropriately compensates Plaintiffs' Counsel for the prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g.*, *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (Black, J.) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred in these Actions.*

Plaintiffs' Counsel should also be reimbursed for its litigation expenses in the amount of $43,486.85. Gedling Decl., Ex. 2, ¶ 31.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7 (further citation omitted). The costs and expenses were incurred for filing fees, a third-party notice administrator to administer notice, an analyst to construct the damages analysis, and mail postage costs. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* (further citation omitted). Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

Finally, the Court should approve payment to the Settlement Administrator, estimated at $18,767.00, to administer the Settlement.

III. **CONCLUSION**

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the Proposed Order; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3) approve the requested service payments to Representative Plaintiffs; (4) approve the payment to the Settlement Administrator; (5) dismiss the class action claims without prejudice pursuant to Rule 23(e); and (6) retain jurisdiction to enforce the Settlement if necessary.

Respectfully submitted,

| COFFMAN LEGAL, LLC | BARNES & THORNBURG LLP |
|---|---|
| */s/ Adam C. Gedling*<br>Matthew J.P. Coffman (0085586)<br>Adam C. Gedling (0085256)<br>Tristan T. Akers (0102298)<br>1550 Old Henderson Road, Suite 126<br>Columbus, Ohio 43220<br>mcoffman@mcoffmanlegal.com<br>agedling@mcoffmanlegal.com<br>takers@mcoffmanlegal.com<br><br>*Attorneys for Named Plaintiffs and those similarly situated* | */s/ William A. Nolan*<br>William A. Nolan (0041891)<br>Samantha R. DeRoos (0101035)<br>41 S. High Street, Suite 3300<br>Columbus, Ohio 43215<br>Phone: (614) 628-1401<br>Facsimile: (614) 628-1433<br>bill.nolan@btlaw.com<br>samantha.deroos@btlaw.com<br><br>Jeanine Gozdecki, *pro hac vice*<br>201 South Main Street, Suite 400<br>South Bend, Indiana 46601<br>Phone: (574) 233-1171<br>Facsimile: (574) 237-1125<br>jeanine.gozdecki@btlaw.com<br><br>Mark Wallin, *pro hac vice*<br>One N. Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Phone: (312) 357-1313 |

    Facsimile: (312)759-5646
    mark.wallin@btlaw.com

*Attorneys for Defendant Senior Village Management, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of December 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Adam C. Gedling*
    Adam C. Gedling